1
2
3
4
5
6
7
8     UNITED STATES DISTRICT COURT
      WESTERN DISTRICT OF WASHINGTON
9                AT SEATTLE
10

11   ADAM ZELTON,                         CASE NO. 2:23-cv-01174-TL

12              Plaintiff,                ORDER ON MOTION TO DISMISS
        v.                                INDIVIDUAL DEFENDANTS
13
     FEDEX EXPRESS CORPORATION et al.,
14
                Defendants.
15

16

17      Plaintiff Adam Zelton brings this employment discrimination case against his former

18   employer, Defendant FedEx Express Corporation ("FedEx"), and three individual supervisors,

19   Defendants Adam McCann, Howard Morgan, and Vicki Schrepfer (collectively, "Individual

20   Defendants"), under Title VII of the Civil Rights Act of 1964 ("Title VII"). Dkt. No. 5

21   (Complaint). This matter is before the Court on Defendants' Motion to Dismiss Individual

22   Defendants. Dkt. No. 13. Having reviewed the relevant record, including Plaintiff's opposition

23   (Dkt. No. 19), and Defendants' amended reply (Dkt. No. 21), the Court GRANTS Defendants'

24   motion as to the Title VII claims against the Individual Defendants, but without prejudice as to

1  Plaintiff's ability to amend his Complaint to raise alternate claims against the Individual
2  Defendants if appropriate.
3       Plaintiff, who is Black, began working for FedEx as a courier in August 2022. Dkt. No. 5
4  at 8. His employment was terminated in September the same year. *Id.* at 5, 8. The stated reasons
5  for his discharge were disorderly conduct, improperly retaining company property, and work
6  abandonment. *Id.* at 5, 8, 12–13. Plaintiff attempted to dispute the stated reasons, first through a
7  company provided appeal process and again in a discrimination charge filed with the Equal
8  Employment Opportunity Commission ("EEOC"). *Id.* at 12–14. Specifically, he alleges that the
9  Individual Defendants either lied or knowingly relied on false information in deciding to
10 terminate his employment, and he points to evidence of "another white employee" who was not
11 terminated under allegedly similar circumstances. *Id.* at 5, 8, 12–13. Having received a right-to-
12 sue notice from the EEOC, Mr. Zelton now seeks relief under Title VII for alleged race
13 discrimination related to his termination. *See id.* at 10–11. Defendants move to dismiss the Title
14 VII claims raised against the Individual Defendants. Dkt. No. 13 at 1–4.
15      A defendant may seek dismissal when a plaintiff fails to state a claim upon which relief
16 can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a Rule 12(b)(6) motion to dismiss, the
17 Court is required to "accept as true all facts alleged in the complaint and construe them in the
18 light most favorable to plaintiff[], the non-moving party." *DaVinci Aircraft, Inc. v. United States*,
19 926 F.3d 1117, 1122 (9th Cir. 2019) (alteration in original) (internal quotation marks omitted)
20 (quoting *Snyder & Assocs. Acquisitions LLC v. United States*, 859 F.3d 1152, 1156–57 (9th Cir.
21 2017)). The complaint must "state a claim to relief that is plausible on its face" to avoid
22 dismissal. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted)
23 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "[t]hreadbare recitals of
24 the elements of a cause of action, supported by mere conclusory statements" are insufficient, a

1  claim has "facial plausibility" when the party seeking relief "pleads factual content that allows
2  the court to draw the reasonable inference that the defendant is liable for the misconduct
3  alleged." *Iqbal*, 556 U.S. at 672.

4       This motion turns on the fact that Plaintiff raises only Title VII claims in his Complaint.
5  Defendants correctly argue that Plaintiff is precluded from asserting a Title VII cause of action
6  against the Individual Defendants. *See* Dkt. No. 13 at 3–4 (citing *Pink v. Modoc Indian Health*
7  *Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998); and *Ellorin v. Applied Finishing, Inc.*, 996 F.
8  Supp. 2d 1070, 1079–80 (W.D. Wash. 2014)). Defendants further argue that even if allowed
9  under the statute, the claims would be prohibited because Plaintiff failed to name any of the
10 Individual Defendants in his EEOC charge, which is a prerequisite to raising the claims in
11 federal court. *Id.* at 3. Thus, Defendants request the Individual Defendants be dismissed with
12 prejudice arguing that "amendment would be futile." Dkt. No. 13 at 1.

13      Plaintiff opposes dismissal of the Individual Defendants, arguing that (1) courts in other
14 circuits have recognized claims of individual liability against supervisors under Title VII,
15 (2) equivalent state laws in Washington allow for claims against individual supervisors,
16 (3) federal courts are authorized to apply state law when necessary, and (4) statutory exceptions
17 apply that save the claims despite his failing to name the Individual Defendants in the EEOC
18 charge. Dkt. No. 19 at 1–5. Plaintiff's arguments fail to save his Title VII claims against the
19 Individual Defendants.

20      Although Plaintiff has correctly identified a circuit split on the issue of individual
21 supervisor liability under Title VII (*see, e.g.*, *Ball v. Renner*, 54 F.3d 664, 666–67 (10th Cir.
22 1995) (discussing circuit spilt)), this Court must apply controlling Ninth Circuit case law.
23 Plaintiff does not dispute that in the Ninth Circuit "civil liability for employment discrimination
24 does not extend to individual agents of the employer who committed the violations." *Pink*, 157

F.3d at 1189; *see also Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) (noting that the Ninth Circuit "ha[s] long held that Title VII does not provide a separate cause of action against supervisors"). The Court sees no reason to depart from this well settled legal proposition. Consequently, because the law in this circuit is clear regarding individual liability of supervisors under Title VII, it does not matter whether an exception applies to his failure to name the Individual Defendants in his EEOC charge. He is limited to bringing claims against FedEx under Title VII regardless.

Plaintiff's remaining arguments fail because he has raised only Title VII claims, and not state law discrimination claims, in his Complaint. *See* Dkt. No. 5 at 1–7. That said, the Court recognizes that Plaintiff is proceeding *pro se* in this matter. "A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam)) (district court erred by failing to explain deficiencies of a *pro se* prisoner civil rights complaint and dismissing without leave to amend). Although Plaintiff did not plead any state law claims in his Complaint (*see* Dkt. No. 5 at 4), he correctly notes that Washington's antidiscrimination laws allow claims for individual liability against supervisors in some circumstances. Dkt. No. 19 at 2–3 (citing relevant sections of the Washington Law Against Discrimination, RCW 49.60 *et seq.*). Defendants do not dispute this legal proposition, relying instead on the fact that Plaintiff's Complaint includes only Title VII claims to argue that amendment would be futile. *See* Dkt. No. 13 at 1; Dkt. No. 21 at 2.

Therefore, the Court GRANTS Defendants' motion (Dkt. No. 13) and DISMISSES Plaintiff's Title VII claims against Defendants Adam McCann, Howard Morgan, and Vicki Schrepfer. Plaintiff's Title VII claim against FedEx survives, as Defendants did not include that claim in its

motion. Further, nothing in this Order precludes Plaintiff from seeking to amend his Complaint pursuant to Federal Rule of Civil Procedure 15(a) and Local Civil Rule 15, to include claims against FedEx and the Individual Defendants that might arise under Washington state law (in addition to his surviving Title VII claim) should he have sufficient facts to plead a plausible claim for relief under state law.

Dated this 8th day of April 2024.

Tana Lin
United States District Judge