UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADAM ZELTON,

                Plaintiff,

   v.

FEDEX EXPRESS CORPORATION et al.,

                Defendant.

CASE NO. 2:23-cv-01174-TL

ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES

This matter is before the Court on Plaintiff Adam Zelton's Motion to Strike Defendant's Affirmative Defenses or for a More Definite Answer. Dkt. No. 39. Having considered Plaintiff's motion, Defendant Federal Express Corporation's ("Defendant" or "FedEx")[1] opposition (Dkt. No. 40), and the relevant record, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion.

---

[1] Defendant notes in its Answer that it was improperly named in the caption of the case as FedEx Corporation when the entity is Federal Express Corporation d/b/a FedEx Express Corporation. Dkt. No. 36 at 1.

ORDER ON MOTION TO STRIKE AFFIRMATIVE DEFENSES - 1

# I. BACKGROUND

The Court assumes familiarity with the facts of this case. Relevant to this motion, on August 3, 2023, Plaintiff filed an application to proceed *in forma pauperis* (Dkt. No. 1), which was granted upon filing of a corrected application (Dkt. No. 3) on August 31, 2023 (Dkt. No. 4). Plaintiff subsequently filed his complaint, which sought relief under Title VII for alleged race discrimination related to his termination from FedEx. Dkt. No. 5.

Defendants filed a motion to dismiss Plaintiff's Title VII claims raised against individual defendants (Dkt. No. 13)—specifically, Defendants Adam McCann, Howard Morgan, and Vicki Schrepfer—which the Court granted on April 8, 2024 (Dkt. No. 22). Plaintiff subsequently filed an amended complaint on August 23, 2024, bringing claims only against Defendant FedEx. Dkt. No. 34. On September 3, 2024, Defendant filed its answer, which listed fourteen affirmative defenses. Dkt. No. 36 at 8–10.

Plaintiff now moves to strike all of Defendant's affirmative defenses or provide a more definite statement. Dkt. No. 39. Defendant opposes. Dkt. No. 40.

# II. LEGAL STANDARD

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In deciding a Rule 12(f) motion to strike, a court should not resolve disputed and substantial factual or legal issues. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–75 (9th Cir. 2010) ("We . . . hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."). "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." *Id.* at 973 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). Rule 12(f)

motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits. *E.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018) (citations and internal quotation marks omitted).

An affirmative defense may be insufficient as a matter of pleading or as a matter of substance. *J & J Sports Prods., Inc. v. Delgado*, No. C12-1945, 2013 WL 3288564, at *1 (E.D. Cal. June 28, 2013) (citing *Sec. People, Inc., Classic Woodworking, LLC*, No. C04-3133, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005)). "An affirmative defense may be considered insufficiently pled where it fails to provide plaintiff with fair notice of the defense asserted." *Id.* (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). As this Court has previously determined, the fair notice standard is a lower pleading standard that "only requires describing the defense in general terms," as compared to the heightened plausibility pleading standard. *See White v. Univ. of Wash.*, No. C22-1798, 2023 WL 3582395, at *4–5 (W.D. Wash. May 22, 2023) (citing *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015)). "An affirmative defense is insufficient as a matter of law if "there are no questions of fact, any questions of law are clear and not in dispute, and under no set of circumstances could the defense succeed." *Turner v. Ralkey*, No. C20-5472, 2021 WL 12281733, at *1 (W.D. Wash. Sept. 7, 2021) (cleaned up) (quoting *Deposit Ins. Corp. v. Hanson*, No. C13-671, 2013 WL 12074983, at *1 (W.D. Wash. Dec. 10, 2013)). "As motions to strike a defense as insufficient are disfavored, they will not be granted if the insufficiency of the defense is not clearly apparent." *J & J Sports*, 2013 WL 3288564, at *1 (citing Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1381 (3d ed.)).

### III.  DISCUSSION

Plaintiff argues that all of Defendant's affirmative defenses should be stricken pursuant to Federal Rule of Civil Procedure ("FRCP") 12(f) because they "lack any factual evidence" and are "insufficient, factually inaccurate, and frivolous." *See* Dkt. No. 39 at 3, 5.

**A.  Defense Number One**

Defendant's first affirmative defense asserts: "The Complaint fails, in whole or in part, to state a claim upon which relief can be granted." Dkt. No. 36 at 8. Plaintiff argues that Defendant "provides only bare statements in support of" this affirmative defense. Dkt. No. 39 at 3.

As Plaintiff points out, "[f]ailure to state a claim for relief is not an affirmative defense." *White*, 2023 WL 3582395, at *6 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2022) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense.")); *see also* Dkt. No. 39 at 3. To properly assert an affirmative defense that Plaintiff has failed to state a claim for relief, Defendant must provide supporting arguments or allegations in support of that defense. *Id.* (citing *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) ("[S]imply stating that the plaintiff failed to state a claim is insufficient to provide notice of a specific affirmative defense.")). Defendant has not done so here.

Accordingly, the Court GRANTS the motion to strike as to Defendant's first affirmative defense. However, Defendants may challenge the legal sufficiency of Plaintiff's claims by a motion for judgment on the pleadings under FRCP 12(c) or other dispositive motion during litigation, if appropriate.

**B.  Defense Number Two**

Defendant's second affirmative defense asserts: "Plaintiff's claims are barred to the extent they fail to comply with applicable statutory limitation periods." Dkt. No. 36 at 8. Plaintiff contends that this affirmative defense is "insufficient, factually inaccurate, and frivolous when

the Plaintiff was not time-barred within FedEx from filing his complaint . . . ." Dkt. No. 39 at 5. He further argues that because he timely submitted a complaint to the Equal Employment Opportunity Commission ("EEOC"), he complied with any applicable statutory limitation periods. *See id.* at 6.

As the Court has already articulated, an affirmative defense "need not be supported by detailed factual allegations" and may be pleaded in general terms, "as long as it gives the plaintiff fair notice of the nature of the defense." *In re Honest Company, Inc. Sec. Litig.*, 343 F.R.D. 147, 152 (C.D. Cal. 2022). "Where a plaintiff can readily determine the grounds upon which an affirmative defense rests from the face of the answer, no additional factual support is required." *Id.* (citing *Mag Instrument, Inc. v. JS Prods., Inc.*, 595 F. Supp. 2d 1102, 1108 (C.D. Cal. 2008)). However, Defendant has not provided the applicable statute of limitations on which it rests its affirmative defense. In *Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir. 1979), the Ninth Circuit held that a defendant had received fair notice of an affirmative defense alleging "plaintiff's claims are barred by the applicable statute of limitations" where the defendant had attached a memorandum which made specific mention of the statute on which defendant relied. 607 F.2d at 827. Here, Defendant has not provided any such statute; thus, it has failed to provide Plaintiff with fair notice of its affirmative defense. *See Kohler v. Staples the Office Superstore, LLC*, 291 F.R.D. 464, 470 (S.D. Cal. 2013).

Accordingly, the Court GRANTS the motion to strike as to Defendant's second affirmative defense WITH LEAVE TO AMEND.

**C.      Defense Number Three**

Defendant's third affirmative defense asserts: "Some or all of Plaintiff's claims are barred by the 6-month contractual limitation period set forth in Plaintiff's employment application."

Dkt. No. 36 at 8. Plaintiff argues that "[t]he contractual agreement between the Plaintiff and the Defendant . . . does not bar the Plaintiff from filing a timely claim." Dkt. No. 39 at 5.

Plaintiff primarily relies on *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974), to support his argument that any contractual agreement with Defendant could not impose a separate time limitation on Plaintiff's claims. Dkt. No. 39 ¶ 13. *Alexander* held that "Title VII's purpose and procedures strongly suggest that an individual does not forfeit his private cause of action if he first pursues his grievance to final arbitration under the nondiscrimination clause of a collective-bargaining agreement." 415 U.S. at 49. But Defendant's third affirmative defense does not suggest that Plaintiff waived his Title VII claim; it merely asserts that some or all of Plaintiff's claims may have been subject to a 6-month contractual limitation pursuant to Plaintiff's employment application with Defendant. *See* Dkt. No. 36 at 8. Plaintiff's cited authority does not hold that a contractual limitation on a claim for relief is unconscionable; thus, Plaintiff has not demonstrated that Defendant's third affirmative defense is insufficient as a matter of law.

Further, unlike Defendant's second affirmative defense, Defendant specifically identifies the contract on which it relies for this affirmative defense. *See* Dkt. No. 36 at 8 (identifying Plaintiff's employment application as basis for affirmative defense). Plaintiff has therefore been provided with fair notice of this defense. However, whether Plaintiff's employment application actually *does* impose a limitation period on any of Plaintiff's claims, whether that limitation is legally permissible, and whether Plaintiff met any limitation period, are all disputed and substantial factual or legal issues that may be raised at a later date. *See Whittlestone*, 618 F.3d at 973–75.

Accordingly, the Court DENIES the motion to strike as to Defendant's third affirmative defense.

D.  **Defense Number Four**

Defendant's fourth affirmative defense asserts:

> All aspects of Plaintiff's claims that were not specifically presented in a Charge of Discrimination made to the Equal Employment Opportunity Commission [("EEOC")] or were not made to the appropriate agency within the applicable time period after the alleged unlawful employment practice occurred, and those which occurred more than the statutorily prescribed time period prior to the filing of the Charge or the Complaint, are barred.

Dkt. No. 36 at 8. Plaintiff contends that this affirmative defense is "insufficient, factually inaccurate, and frivolous when the Plaintiff . . . presented the same allegation of discrimination to the EOCC [sic] as he did in his complaint." Dkt. No. 39 at 5. Plaintiff additionally attaches the EEOC notice of right to sue to his motion. *Id.*

This affirmative defense has provided Plaintiff with sufficient notice that Defendant may argue that he failed to exhaust available administrative remedies with the EEOC before initiating this action. *See Brooks v. Cassie*, No. C23-294, 2024 WL 2292610, at *3 (E.D. Cal. May 21, 2024) (finding failure to exhaust administrative remedies to be a proper affirmative defense). Whether Plaintiff presented the same allegation of discrimination to the EEOC as he alleges in his complaint is a factual question not appropriate for resolution on a motion to strike. *See White*, 2023 WL 3582395, at *2 ("In deciding a Rule 12(f) motion to strike, a court should not resolve disputed and substantial factual or legal issues.").

Accordingly, the Court DENIES the motion to strike as to Defendant's fourth affirmative defense.

E.  **Defense Number Five**

Defendant's fifth affirmative defense asserts: "Defendant avers Plaintiff's claims are barred to the extent he failed to exhaust his administrative remedies." Dkt. No. 36 at 8. Plaintiff argues that he "ha[s] exhausted all of his administrated remedies within FedEx" and that he "was

barred from returning to FedEx to utilize the company's internal complaint system." Dkt. No. 39 at 5. Plaintiff additionally argues that this defense is nothing more than a broad denial of Plaintiff's allegations and that, if not stricken, it should be treated as a specific denial. *See* Dkt. No. 39 at 7–8.

Like Defendant's fourth affirmative defense, the Court finds that this affirmative defense provides Plaintiff with sufficient notice that Defendant may argue that he failed to exhaust available administrative remedies within FexEx before initiating this action. *See Brooks*, 2024 WL 2292610, at *3. Whether Plaintiff presented the same allegations of discrimination to Defendant prior to filing his complaint, whether it was necessary for him to present these allegations to Defendant prior to filing his complaint, and whether Defendant prevented Plaintiff from utilizing its internal complaint system are all factual and legal questions not appropriate for resolution on a motion to strike. *See White*, 2023 WL 3582395, at *2.

Accordingly, the Court DENIES the motion to strike as to Defendant's fifth affirmative defense.

**F.   Defense Number Six**

Defendant's sixth affirmative defense asserts: "Defendant avers that neither it nor any of its officers, directors, or managing agents committed any discriminatory practices or engaged in any conduct with malice or reckless indifference towards Plaintiff's protected rights." Dkt. No. 36 at 8. Plaintiff argues that this defense is nothing more than a broad denial of Plaintiff's allegations and that, if not stricken, it should be treated as a specific denial. *See* Dkt. No. 39 at 7–8.

"[A]n affirmative defense 'limits or excuses a defendant's liability even if the plaintiff establishes a *prima facie* case.'" *Sundby v. Marquee Funding Group, Inc.*, No. C19-390, 2019 WL 5963907, at *3 (S.D. Cal. Nov. 13, 2019) (quoting *Bell v. Taylor*, 827 F.3d 699, 704 (7th

Cir. 2016)). In contrast, a specific denial attempts to controvert an allegation in the complaint. *See* Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1269 (3d ed.). Defendant's sixth affirmative defense specifically attempts to controvert Plaintiff's allegations that Defendant's employees engaged in discriminatory practices towards Plaintiff—it is therefore a specific denial, not an affirmative defense. However, "because denials are permitted by Rule 8(b), simply mislabeling them as affirmative defenses is not a basis to strike them." *Renn v. Otay Lakes Brewery, LLC*, No. C23-1139, 2024 WL 2116056, at *2 (S.D. Cal. May 10, 2024). The Court will instead treat any denial pleaded as an affirmative defense as a specific denial. *Id.*

Accordingly, the Court DENIES the motion to strike as to Defendant's sixth affirmative defense. This defense will be treated as a specific denial.

**G.    Defense Number Seven**

Defendant's seventh affirmative defense asserts:

> Defendant avers that all employment actions taken with respect to Plaintiff were in compliance with FedEx Policy, for legitimate non-discriminatory business purposes, without regard to Plaintiff's race or any other protected classification, and were undertaken in good faith in compliance with all applicable laws. Alternatively, Defendants would have made the same personnel decisions despite any proven discriminatory motive.

Dkt. No. 36 at 8–9. Plaintiff argues that this defense is nothing more than a broad denial of Plaintiff's allegations and that, if not stricken, it should be treated as a specific denial. *See* Dkt. No. 39 at 7–8.

Defendant's seventh affirmative defense, if proven, would possibly limit or excuse its liability even if Plaintiff establishes a *prima facie* case." *Sundby*, 2019 WL 5963907, at *3. Therefore, it is an appropriate affirmative defense.

Accordingly, the Court DENIES the motion to strike as to Defendant's seventh affirmative defense.

**H.    Defense Number Eight**

Defendant's eighth affirmative defense asserts: "Without admitting any of the allegations contained in the Complaint, Defendant avers that it may not be vicariously liable for any discriminatory employment decisions of managerial agents, for purposes of imposing punitive damages, where those decisions are contrary to Defendant's good faith efforts to comply with the law." Dkt. No. 36 at 9. Plaintiff argues that this defense is nothing more than a broad denial of Plaintiff's allegations and that, if not stricken, it should be treated as a specific denial. *See* Dkt. No. 39 at 7–8.

But this affirmative defense is proper—it is an allegation "unrelated to the plaintiff's prima facie case that den[ies] the plaintiff's right to relief, even if all allegations in the complaint are true." *Renn*, 2024 WL 2116056, at *1 (quoting *Kohler*, 291 F.R.D. at 471). This affirmative defense provides Plaintiff with sufficient notice that Defendant may argue that it is not liable for any discriminatory treatment of Plaintiff by its employees where Defendant has made good faith efforts to comply with the law for purposes of imposing punitive damages.

Accordingly, the Court DENIES the motion to strike as to Defendant's eighth affirmative defense.

**I.    Defense Number Nine**

Defendant's ninth affirmative defense asserts: "Defendant avers that some or all of the damages, if any, may be barred by the after-acquired evidence doctrine." Dkt. No. 36 at 9. Plaintiff argues that this defense is "insufficient and nothing more than a redundant denial of the allegations made . . . in the complaint." Dkt. No. 39 at 2.

But this affirmative defense is proper—it is an allegation "unrelated to the plaintiff's prima facie case that den[ies] the plaintiff's right to relief, even if all allegations in the complaint are true." *Renn*, 2024 WL 2116056, at *1 (quoting *Kohler*, 291 F.R.D. at 471). This affirmative

defense provides Plaintiff with sufficient notice that Defendant may argue that damages may be barred by the after-acquired evidence doctrine.

Accordingly, the Court DENIES the motion to strike as to Defendant's ninth affirmative defense.

**J.     Defense Number Ten**

Defendant's tenth affirmative defense asserts: "To the extent that Plaintiff has failed to meet his duty to mitigate or minimize his alleged damages, he may not recover damages from Defendant." Dkt. No. 36 at 9. Plaintiff argues that this defense is "insufficient and nothing more than a redundant denial of the allegations made . . . in the complaint." Dkt. No. 39 at 2.

But this affirmative defense is proper—it is an allegation "unrelated to the plaintiff's prima facie case that den[ies] the plaintiff's right to relief, even if all allegations in the complaint are true." *Renn*, 2024 WL 2116056, at *1 (quoting *Kohler*, 291 F.R.D. at 471). This affirmative defense provides Plaintiff with sufficient notice that Defendant may argue that Plaintiff failed to meet his duty to mitigate or minimize his alleged damages.

Accordingly, the Court DENIES the motion to strike as to Defendant's tenth affirmative defense.

**K.     Defense Number Eleven**

Defendant's eleventh affirmative defense asserts: "Defendants avers that appropriate anti-discrimination policies, programs, and procedures were implemented so as to bar or reduce recovery herein, and Plaintiff unreasonably failed to take advantage of all preventative and corrective opportunities provided to avoid the harm that he alleges." Dkt. No. 36 at 9. Plaintiff argues that this is "false, misleading, and insufficient as a defense." Dkt. No. 39 at 6. Plaintiff further argues that this defense is nothing more than a broad denial of Plaintiff's allegations and that, if not stricken, it should be treated as a specific denial. *See* Dkt. No. 39 at 7–8.

1    But this affirmative defense is proper—it is an allegation "unrelated to the plaintiff's
2 prima facie case that den[ies] the plaintiff's right to relief, even if all allegations in the complaint
3 are true." *Renn*, 2024 WL 2116056, at *1 (quoting *Kohler*, 291 F.R.D. at 471). This affirmative
4 defense provides Plaintiff with sufficient notice that Defendant may argue that Plaintiff failed to
5 take advantage of any of FedEx's internal procedures in order to avoid the harm alleged in the
6 complaint.

7    Accordingly, the Court DENIES the motion to strike as to Defendant's eleventh affirmative
8 defense.

### L.  Defense Number Twelve

Defendant's twelfth affirmative defense asserts: "Defendant avers that this action is frivolous, unreasonable and groundless and accordingly, Defendant is entitled to recover attorney's fees and other costs associated with defense of this action." Dkt. No. 36 at 9. Plaintiff argues that Defendant's defense "of broad forms of indemnification obligating one party to compensate the other is not a defense." Dkt. No. 39 at 8.

Some courts within the Ninth Circuit have found that affirmative defenses like Defendant's twelfth affirmative defense are legally insufficient. *See, e.g.*, *Thornton v. Solutionone Cleaning Concepts, Inc.*, No. 06-1455, 2007 WL 210586, at *4 (E.D. Cal. Jan. 26, 2007); *Sorensen v. Holman Erection Co., Inc.*, No. C91-1149, 1991 WL 290670, at *2 (D. Or. Jan. 9, 1991). Yet other courts have concluded that such a defense should not be stricken "because it liberally could be construed as a request for attorney's fees pursuant to 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure." *Mills v. MJ Employment Servs., Inc.*, No.09-15, 2009 WL 10670479, at *2 (M.D. Fla. Nov. 9, 2009); *see also, e.g.*, *Landmark Tech., LLC v. Azure Farms, Inc.*, No. C18-1568, 2019 WL 3763762, at *9 (D. Or. June 26, 2019), *report and recommendation adopted in part, rejected in part*, No. C18-1568, 2020 WL

1430088 (D. Or. Mar. 24, 2020) (allowing affirmative defense where objective baselessness might be demonstrated); *Equal Employment Opportunity Commission v. AZ Metro Distributors, LLC*, No. 15-5370, 2016 WL 10679469, at *7–9 (E.D.N.Y. Dec. 20, 2016). This Court will align with other courts in this Circuit that have found this not to be a proper affirmative defense.

Defendant's twelfth affirmative defense, like its first, does not put Plaintiff on notice of any defense it has to Plaintiff's claims; it only puts Plaintiff on notice of the fact that it may seek fees if Plaintiff's case is found to be frivolous. *See Spicer v. Gregoire*, 194 F.3d 1006, 1008 (9th Cir. 1999). But parties always have that ability under the Federal Rules after providing proper notice. *See* Fed. R. Civ. P. 11(b). As with the "affirmative defense" of "failure to state a claim" which is more appropriately raised in a Rule 12 motion, a motion under Rule 11 is the more appropriate way for Defendant to raise the issue of frivolousness.

Accordingly, the Court GRANTS the motion to strike as to Defendant's twelfth affirmative defense.

**M.  Defense Number Thirteen**

Defendant's thirteenth affirmative defense asserts: "Defendant avers that Plaintiff is not entitled to recover prejudgment interest, costs, or attorneys' fees." Dkt. No. 36 at 9. Plaintiff argues that Defendant's defense "of broad forms of indemnification obligating one party to compensate the other is not a defense." Dkt. No. 39 at 8.

Like Defendant's eighth affirmative defense, this affirmative defense is proper—it is an allegation "unrelated to the plaintiff's prima facie case that den[ies] the plaintiff's right to relief, even if all allegations in the complaint are true." *Renn*, 2024 WL 2116056, at *1 (quoting *Kohler*, 291 F.R.D. at 471). However, Defendant has not defended or explained its basis for its pleading that Plaintiff is not entitled to recover prejudgment interest, costs, or attorney's fees, and therefore does not provide Plaintiff with fair notice of the nature of this defense. *See White v.*

*King Cnty. Sheriff's Off.*, No. 23-CV-01761, 2024 WL 2802930, at *7 (W.D. Wash. May 31, 2024) (allowing affirmative defense where defendant was providing notice to plaintiff that it was not liable for pre-judgment interest because it is a political subdivision); *Hudson v. First Transit, Inc.*, No. 10-03158, 2011 WL 445683, at *3 (N.D. Cal. Feb. 3, 2011) (allowing affirmative defense because it explained both which damages being sought are not sufficiently certain as well as why certain damages should not be awarded to plaintiff).

Accordingly, the Court GRANTS the motion to strike as to Defendant's thirteenth affirmative defense WITH LEAVE TO AMEND.

### N. Defense Number Fourteen

Defendant's fourteenth and final affirmative defense asserts: "Defendants reserve the right to assert further affirmative defenses as they become evident through discovery or investigation." Dkt. No. 36 at 10.

"A reservation of a right is not an affirmative defense." *White*, 2023 WL 3582395, at *7; *see also, e.g.*, *Howarth v. Patterson*, No. C19-726, 2019 WL 1901268, at *2 (D. Ariz. Apr. 29, 2019) (striking similar reservation of rights as "not a valid affirmative defense"); *Jones v. City of Portland*, No. C18-1485, 2018 WL 7078670, at *3 (D. Or. Dec. 21, 2018) ("[A] 'reservation of rights' is not a proper affirmative defense."), *report and recommendation adopted*, 2019 WL 267716 (D. Or. Jan. 17, 2019). In any case, "[a]lthough Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010), *abrogated on other grounds by Castro v. Cnty. of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc).

Accordingly, the Court GRANTS the motion to strike as to Defendant's fourteenth affirmative defense.

## IV.   CONCLUSION

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's motion. Plaintiff's motion is:

(1)   GRANTED as to Defendant's first affirmative defense;

(2)   GRANTED as to Defendant's second affirmative defense WITH LEAVE TO AMEND;

(3)   DENIED as to Defendant's third affirmative defense;

(4)   DENIED as to Defendant's fourth affirmative defense;

(5)   DENIED as to Defendant's fifth affirmative defense;

(6)   DENIED as to Defendant's sixth affirmative defense, which will be treated as a specific denial;

(7)   DENIED as to Defendant's seventh affirmative defense;

(8)   DENIED as to Defendant's eighth affirmative defense;

(9)   DENIED as to Defendant's ninth affirmative defense;

(10)   DENIED as to Defendant's tenth affirmative defense;

(11)   DENIED as to Defendant's eleventh affirmative defense;

(12)   GRANTED as to Defendant's twelfth affirmative defense;

(13)   GRANTED as to Defendant's thirteenth affirmative defense WITH LEAVE TO AMEND; and

(14)   GRANTED as to Defendant's fourteenth affirmative defense.

Should Defendant wish to amend its Answer, any such amended answer SHALL be filed within twenty-one (21) says of this Order. It is so ordered.

Dated this 19th day of December 2024.

Tana Lin
United States District Judge