UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAM ZELTON,<br><br>               Plaintiff,<br>   v.<br><br>FEDEX EXPRESS CORPORATION,<br><br>               Defendant. | CASE NO. 2:23-cv-01174-TL<br><br>ORDER ON UNOPPOSED MOTION TO EXTEND THE CLOSE OF DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES |

       This matter is before the Court on Plaintiff's Unopposed Motion to Extend the Close of Discovery & Dispositive Motions Deadlines. Dkt. No. 42. After considering Plaintiff's unopposed motion and the relevant record, the Court GRANTS IN PART and DENIES IN PART the motion.

       Pursuant to Section III(A) of the Court's Standing Order for All Civil Cases, which the Parties certified that they reviewed (Dkt. No. 27 at 6), "[t]he Court permits Parties to automatically extend a deadline . . . to a specific new date, provided that: (1) such request is unopposed or agreed upon between the parties; (2) the date has not been previously

automatically extended; *and* (3) such request does not change the date for (a) any hearing, (b) any final submission to the Court related to a hearing, (c) any dispositive motion or expert motion deadline, or (d) any deadline after the filing of dispositive and expert motions in the trial scheduling order." Further, the Court's Order Setting Jury Trial Date and Related Dates again informed the parties that "Judge Lin will not decrease the amount of time between the dispositive motion … deadline[ ] and the trial date unless the parties set forth an extraordinary basis for doing so. Any changes in the dispositive motion … deadline[ ] will result in a change of the trial date." Dkt. No. 28 at 2.

Plaintiff makes two requests for extension here: first, to extend the deadline by which discovery must be completed; and second, to extend the deadline for dispositive motions. Dkt. No. 42 at 1. The schedule for this case was set in June 2024 (*see* Dkt. No. 28), and while the instant motion asserts that "[t]he parties have not yet completed all written discovery requests and deposition scheduling," including for depositions of eight of Defendant's potential witnesses (Dkt. No. 42 at 1), it does not explain why the depositions cannot be completed by the current deadline of May 14, 2025 or what efforts were made to complete discovery by the deadline. However, because the request for extension is unopposed and the date has not been previously extended, the Court will GRANT IN PART Plaintiff's request to extend the deadline for discovery completion and extend the discovery deadline by approximately two weeks. To ensure there is no misunderstanding, the Court only slightly extends the deadline for discovery completion. Any deadlines that have passed will not be extended or changed.

The Court will not, however, grant Plaintiff's request to extend the deadline for dispositive motions. As the Court's Standing Order for All Civil Cases states, "[t]he Court will not decrease the amount of time between the dispositive motion deadline and the trial date (*i.e.*, four months) unless the Parties set forth an *extraordinary basis* for doing so." Judge Tana Lin,

Standing Order for All Civil Cases, Section III.A (last updated Nov. 1, 2024) (emphasis added). Plaintiff has not set forth any such basis here.

Accordingly, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. The deadline for discovery to be completed is hereby reset to May 30, 2025. If the Parties require a further extension of the discovery deadline that will affect the dispositive motions deadline, they may renew their motion at that time if they can establish the appropriate grounds for such a request. Should the Parties move for any further extension, they SHALL include a proposed schedule through trial and trial availability dates through 2026.

Dated this 12th day of May 2025.

Tana Lin
United States District Judge